UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE BROWNLEE,<br><br>                Petitioner,<br><br>        v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,[1]<br><br>                Respondent. | Case No. 1:23-cv-00432-JLT-CDB (HC)<br><br>FINDINGS AND RECOMMENDATION THAT THE PETITION FOR WRIT OF HABEAS CORPUS BE DISMISSED WITH PREJUDICE AND WITHOUT LEAVE TO AMEND<br><br>(Doc. 1)<br><br>21-DAY DEADLINE. |

Petitioner Terrence Brownlee ("Petitioner") is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1).

**Preliminary Screening**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus. Pro se habeas corpus petitions are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court must dismiss a

---

[1] Petitioner filed this petition against Respondent "the People of the State of California," which is not the appropriate respondent. (Doc. 1). *See Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam) ("The proper respondent in a federal habeas corpus petition is the petitioner's 'immediate custodian,'" or "the person having a day-to-day control over the prisoner," typically, the custodial facility's warden).

1

petition "[i]f it plainly appears from the petition…that the petitioner is not entitled to relief." Habeas Rule 4. Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of a constitutional error. *Mayle v. Felix*, 545 U.S. 644, 655 (2005) ("Habeas Corpus Rule 2(c) is more demanding"). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (per curiam).

The court must also dismiss a second or successive petition if it lacks prior authorization from the Ninth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b); *Felker v. Turpin*, 518 U.S. 651, 656-57, (1996). Prior authorization is a jurisdictional requisite. *Burton v. Stewart*, 549 U.S. 147, 152 (2007). A petition is second or successive if (1) the facts underlying the claim occurred by the time of the initial petition, and (2) the petition challenges the same state court judgment as the initial petition. *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018).

"A habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits." *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008)). The dismissal of a first § 2254 petition for untimeliness constitutes a "disposition on the merits" and a further petition challenging the same conviction would be 'second or successive' for purposes of 28 U.S.C. § 2244(b)." *Id*.

**Procedural and Factual Background**

In 1980, Petitioner was sentenced to serve 15 years to life in prison for second-degree murder, plus a consecutive term of two years for a firearm enhancement. (Doc. 1 at 4; *see id.* at 30) (citing and attaching *In re Brownlee*, 50 Cal. App. 5th 720 (2020)). Petitioner was 19 years old at the time the sentence was imposed. *Id*. at 722. In 1990, Petitioner received his first parole hearing. *Id*. Petitioner received a second parole hearing in 2010. *Id*.

In 2013, California's legislature enacted Cal. Penal Code § 3051 to grant youth offender parole hearings. *Id*. at 723. As initially enacted, the youth offender parole process applied to prisoners who were juveniles when they committed their crimes. *Id*. In 2016, the California legislature increased the age of eligibility to include prisoners who were less than 23 years old when they committed their crimes. *Id*. Additionally, the legislature set a January 1, 2018, deadline by which to complete these hearings for eligible prisoners. *Id*. Despite meeting the age qualification, Petitioner never received a youth offender parole hearing. *Id*.

Between 2016 and 2018, Petitioner filed eight petitions for writ of habeas corpus to the Superior Court of California, County of Fresno. (Doc. 1 at 4; *see id*. at 33) (citing and attaching *In re Brownlee*, Cal. Sup. Ct. No. 22CRWR686638, at 1 (2022)). On June 20, 2018, he filed a petition in which he alleged the Board of Parole Hearings failed to afford him a youth offender parole hearing. *In re Brownlee*, 50 Cal. App. 5th at 723. On June 16, 2020, the Court of Appeal denied the petition, finding that the statutory framework's plain language did not afford Petitioner a youth offender parole hearing. *Id*. at 725-26. On September 16, 2020, the Supreme Court of California denied Petitioner's petition for review without prejudice to any relief to which petitioner might be entitled after the court decided the then-pending case of *In re Howerton*. (Doc. 1 at 25). The *Howerton* Court ultimately dismissed the petition for review as moot. 270 Cal. Rptr. 3d 378 (unpublished).

From 2020 through 2021, Petitioner filed four petitions for writ of habeas corpus to the Superior Court of California, County of Fresno. (Doc. 1 at 33). On June 9, 2022, Petitioner filed another petition to the Superior Court claiming he was "denied the 'right to a constitutionally adequate record' due to the lack of transcripts or records of his plea bargain and was denied the right to a complete record for the purpose of resentencing hearing under Penal Code [§] 1170.95." *Id*. The Superior Court denied the petition on August 5, 2022. *Id*. at 2, 35. Thereafter, the Court of Appeal denied the petition. *Id*. at 4. On December 21, 2022, the Supreme Court of California denied the petition. *Id*. at 9.

On February 10, 2023, Petitioner filed the instant petition for writ of habeas corpus against the People of the State of California. (Doc. 1). Thereafter, Petitioner filed motions to appoint counsel and for discovery. (Docs. 3, 5).

3

**Petitioner's Claims**

It appears Petitioner is claiming he has been denied the right to a constitutionally adequate record due to the lack of transcripts or records from his plea bargain. (Doc. 1 at 2-3, 33). Specifically, in his pending motion for discovery, Petitioner argues "he can state or can an inadequately State a Federal Due Process claim against Respondents based on the asserted Deprivation of a State-created liberty interest arising from California Penal Code section 1054.9." (Doc. 5 at 1). Petitioner also appears to seek relief in light of the Supreme Court of California's decision *In re Howerton*. *See* (Doc. 1 at 6).

**Discussion**

Petitioner appears to challenge his sentence that was imposed on August 4, 1980. Petitioner has filed multiple federal habeas petitions in this Court challenging the same sentence. *See Brownlee v. Pliler*, No. 1:01-cv-06120-OWW-SMS (dismissed as untimely); *Brownlee v. Kane*, No. 1:05-cv-00949-OWW-SMS (dismissed as unauthorized successive petition); *Brownlee v. Kramer*, No. 1:06-cv-00320-OWW-SMS; *Brownlee v. Felker*, No. 1:09-00765-OWW-SMS; *Brownlee v. Rommoro*, No. 1:14-cv-01990-LJO-SAB; *Brownlee v. Nackley*, No. 1:16-cv-00125-LJO-MJS; *Brownlee v. Spearman*, No. 1:16-cv-00244-SAB-HC.[2]

Petitioner has made no showing that he has obtained prior leave from the Ninth Circuit to file any second or successive petition. Thus, this Court has no jurisdiction to consider Petitioner's renewed application for relief from that conviction under § 2254 and must dismiss the petition. *Greenawalt v. Stewart*, 105 F.3d 1268, 1277 (9th Cir. 1997) (*cert. denied*, 519 U.S. 1102 (1997)). *Accord Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) ("A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing."). If Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must first seek leave to do so from the Ninth Circuit. *See* 28 U.S.C. § 2244(b)(3).

---

[2] The Court may take judicial notice of its records in other cases. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

4

Petitioner's separate request for relief in light of the Supreme Court of California's decision *In re Howerton* also is not a basis on which this Court may grant relief. (Doc. 1 at 6). As referenced above, the Supreme Court of California dismissed Howerton's petition as moot. *In re Howerton*, 270 Cal. Rptr. 3d 378 (Cal. 2020). Thus, there is no decision of the Supreme Court of California to consider.

*Assuming arguendo* the Supreme Court of California had issued a decision *In re Howerton*, Petitioner's claim still fails for failure to raise a cognizable federal claim. To obtain federal habeas relief from a state court conviction or sentence, a petitioner must show that he is in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a); *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (per curiam). A federal court may not grant habeas relief for a perceived error of state law. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *See Oxborrow v. Eikenberry*, 877 F.2d 1395, 1400 (9th Cir. 1989) ("[E]rrors of state law do not concern us unless they rise to the level of a constitutional violation."). Petitioner claims he was not provided a youth offender parole hearing. (Doc. 1 at 6). Petitioner's challenge that Cal. Penal Code § 3051 requires him to be provided a youth parole hearing fails because, at bottom, it involves only a purported error in the application of California state law. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).

Even if Petitioner's state claim was cognizable upon federal habeas review, Petitioner would not be entitled to relief. California's youth offender parole statutory framework plainly does not entitle Petitioner to a youth offender parole hearing. Pursuant to Cal. Penal Code § 3051(a)(2)(C), "[Y]outh offenders are entitled to their initial youth offender parole hearing within six months of their youth parole eligible date as determined in subdivision (b) unless previously released or *entitled to an earlier parole consideration hearing pursuant to any other law*." (emphasis added). Here, Petitioner first received a parole hearing in 1990. (Doc. 1 at 30). Subsequently, Petitioner was provided a parole hearing in 2010 and 2020. *Id*. Accordingly, Petitioner is not entitled to a youth parole hearing under Cal. Penal Code § 3051 as he is already eligible for parole.

**Conclusion and Recommendation**

Based on the foregoing, the Court concludes that the petition is successive and fails to state a cognizable federal claim. Accordingly, it is HEREBY RECOMMENDED:

1. Petitioner's petition for writ of habeas corpus (Doc. 1) be DISMISSED WITH PREJUDICE and without leave to amend;
2. Petitioner's motion to appoint counsel (Doc. 3) be DENIED AS MOOT; and
3. Petitioner's motion for discovery (Doc. 5) be DENIED AS MOOT.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 21 days after being served with these findings and recommendations, Petitioner may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 12, 2023**

UNITED STATES MAGISTRATE JUDGE