# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE BROWNLEE,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　Respondent. | Case No. 1:23-cv-00432-JLT-CDB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS THAT THE PETITION FOR WRIT OF HABEAS CORPUS BE DISMISSED WITH PREJUDICE AND WITHOUT LEAVE TO AMEND<br><br>(Doc. 13) |

Terrence Brownlee is a state prisoner proceeding pro se with a petition for habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) In February 2023, Petitioner filed motions to appoint counsel and for discovery. (Docs. 3, 5.) On September 12, 2023, the assigned magistrate judge found Petitioner made no showing that he had obtained prior leave from the Ninth Circuit to file any second or successive petition and failed to raise a cognizable federal claim. (Doc. 13.) The assigned magistrate judge issued findings and recommendations that the petition be dismissed with prejudice and without leave to amend.

On September 28, 2023, Petitioner filed objections to the assigned magistrate judge's findings and recommendations. (Doc. 14.) Again, Petitioner challenges his underlying sentence without showing he has obtained leave from the Ninth Circuit to file any second or successive petition. *Id*.

On October 3, 2023, Petitioner filed a declaration in support of his petition. (Doc. 15.) Petitioner asserts a procedural error cannot be applied to uphold his confinement. (*Id*. at 1.) Thereafter, Petitioner again challenges his underlying sentence. (*Id*. at 1-3.) None of Petitioner's filings overcome the jurisdictional defect articulated in the findings and recommendations.

Pursuant to 28 U.S.C. § 636(b)(1)(C), and Local Rule 304, this Court conducted a *de novo* review of this case. Having carefully reviewed the entire matter, this Court concludes the findings and recommendations are supported by the record and by proper analysis.

The Court next turns to the question of whether a certificate of appealability should issue. Generally, a certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reasons would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.' " *Morris v. Woodford*, 229 F.3d 775, 780 (9th Cir. 2000) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Petitioner has not shown that jurists of reasons would find it debatable whether the instant action is a second or successive habeas petition or that he has obtained the authorization from the court of appeals required to proceed with such a petition. For these reasons, the Court declines to issue a certificate of appealability. Thus, the Court ORDERS:

1. The September 12, 2023, findings and recommendations (Doc. 13) are **ADOPTED IN FULL**.
2. Petitioner's petition for writ of habeas corpus (Doc. 1) is **DISMISSED WITH PREJUDICE AND WITHOUT LEAVE TO AMEND**.
3. Petitioner's motion to appoint counsel (Doc. 3) is **DENIED AS MOOT**.
4. Petitioner's motion for discovery (Doc. 5) is **DENIED AS MOOT.**
5. The Clerk of the Court is directed to close this case.

///

///

6. No certificate of appealability shall issue.

IT IS SO ORDERED.

Dated:   **October 16, 2023**

UNITED STATES DISTRICT JUDGE